Case 2:21-cv-00311   Document 9   Filed on 02/09/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOMMY ALLEN O'NEAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00311 |
| | § | |
| DIRECTOR TDCJ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a habeas action filed pursuant to 28 U.S.C. §2241 by Tommy Allen O'Neal (#116920), a state prisoner incarcerated at the Hodge Unit in Rusk, Texas. (D.E. 1). However, for the reasons discussed below, the undersigned **RECOMMENDS** this petition be construed as seeking habeas relief pursuant to 28 U.S.C. § 2254.[1] Further, for the reasons discussed below, it is **RECOMMENDED** that this case be **DISMISSED** prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases because it is clear Petitioner is not entitled to relief and this petition is successive.[2]

---

[1]Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). A habeas action filed pursuant to 28 U.S.C. § 2254 may be filed either in the district where petition is in custody or in the district in which the petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Petitioner is incarcerated in Cherokee County, Texas which is within the Tyler Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(1). He was convicted in Nueces County, Texas which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 124(b)(6).

[2]Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the

In May 2003, Petitioner pleaded guilty to two counts of aggravated sexual assault of a child, one count of burglary of a habitation with the intent to commit sexual assault, and four counts of aggravated assault. *O'Neal v. Lumpkin*, Case No. 2:20-cv-176 (S.D. Tex. Feb. 18, 2021 (Memorandum and Recommendation).[3]  Since that time, Petitioner has filed several habeas actions in this Court challenging these convictions pursuant to § 2254 as well as two prisoner civil rights actions.[4]  His first habeas petition, filed in July 2020, was dismissed as time barred on March 22, 2021. *O'Neal v. Lumpkin*, Case No. 2:20-cv-176 (S.D. Tex. Mar. 22, 2021) (Order Adopting Memorandum and Recommendation).[5]  In May 2021, Petitioner filed another § 2254 habeas petition which was subsequently dismissed on August 2, 2021 because Petitioner failed to prosecute the case by complying

---

state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Rule 4.  This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

[3]A full procedural history is detailed in this February 18, 2021 M & R.

[4]In May 2020, Petitioner filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983 challenging his convictions, among other allegations, which was dismissed on September 11, 2020 as frivolous and as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *O'Neal v. Hunter et al*, Case No. 2:20-cv-105 (S.D. Tex. Sept. 11, 2020) (Order Adopting Memorandum and Recommendation).  Subsequently, in April 2021, Petitioner filed another § 1983 complaint raising similar allegations again related to the same convictions which was dismissed in October 2021, again as frivolous and as barred by *Heck*. *O'Neal v. Galvan*, No. 2:21-cv-86 (S.D. Tex. Oct. 14 and 19, 2021) (Order Adopting Memorandum and Recommendation and Final Judgment).

[5]Petitioner also filed another § 2254 petition in August 2020 which was consolidated into his habeas case. *O'Neal v. Lumpkin*, Case No. 2:20-cv-221 (S.D. Tex. Sept. 3, 2020) (Order to Consolidate Cases).

with the Court's orders. *O'Neal v. Lumpkin*, Case No. 2:21-cv-103 (S.D. Tex. Aug. 2, 2021) (Order Adopting Memorandum and Recommendation). Just over three months later, Petitioner filed an additional § 2254 petition challenging the same convictions. *O'Neal v. Lumpkin*, Case No. 2:21-cv-282 (S.D. Tex. Nov. 22, 2021) (Petition). A Memorandum and Recommendation was entered on January 25, 2022 recommending the case be dismissed as second or successive. *O'Neal v. Lumpkin*, Case No. 2:21-cv-282 (S.D. Tex. Jan. 25, 2022) (Memorandum and Recommendation). Approximately one month prior to the January 25, 2022 M & R, Petitioner filed this case, again challenging the same convictions, this time using a § 2241 standard form. (D.E. 1).

28 U.S.C. § 2254 provides the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and seeking an immediate or speedier release. *Wolff v. McDonell*, 418 U.S. 539, 554 (1974). Petitioner's characterization of his latest habeas filing as a petition under § 2241 is an attempt to circumvent the procedural rules regarding the filing of a § 2254 petition. Reviewing his petition, he is again seeking relief pursuant to § 2254 and he has not received the permission of the United States Court of Appeals of the Fifth Circuit to file a successive petition. Without such authorization, this Court is without jurisdiction to consider the petition. 28 U.S.C. § 2244(b)(3)(A).[6] *Hernandez v.*

---

[6] A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovery previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). Further, before a second or successive application is filed in the district court, the applicant must move in the court

*Thaler*, 630 F.3d 420, 427 (5th Cir. 2011) (when a "filing is construed as a second or successive habeas petition, then it must be dismissed) (citation omitted); *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.") (citations omitted). Further, the allegations raised in Petitioner's latest petition, if not previously raised, could have been raised in any one of his prior cases. *Leal*, 573 F.3d at 219 (Second or successive petitions include a petition raising a claim "that was or could have been raised in an earlier petition…or otherwise constitutes an abuse of writ.") (citations omitted).

     This Court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the District Court. 28 U.S.C. §2244 (b)(3). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving practice of transferring successive motions to the Fifth Circuit and establishing procedures to handle such transfers).

---

of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Because Petitioner has presented neither argument nor evidence indicating he will be able to obtain the Fifth Circuit's permission,[7] dismissal without prejudice would be more efficient and would better serve the interests of justice than a transfer to the Fifth Circuit, especially given Petitioner's history of filing multiple habeas petitions and § 1983 actions. Therefore, it is respectfully recommended that this case be **DISMISSED** as successive and as an abuse of writ.

Petitioner has persisted in filing habeas petitions and § 1983 actions requesting substantially the same relief. Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and…to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (citation omitted). Included in this power is the authority to "levy sanctions in response to abusive litigation practices," especially where a *pro se* litigant has a history of submitting multiple frivolous claims. *Id.*; Fed. R. Civ. P. 11; *Mayberry v. Stephens*, No. 13-10978, 2014 WL 3724965, at *1 (5th Cir. July 29, 2014) (warning prisoner of sanctions for further frivolous motions). Appropriate sanctions include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. May 4, 2011); *Silver v. City of San Antonio*, No. SA-19-MC-1490-JKP, 2020 WL 3803922, at *4-5 (W.D. Tex. July 7, 2020); *Sabedra v. Soc. Sec. Admin.*, No. 3:08-cv-1931-K, 2008 WL 5203709, at *1 (N.D. Tex. Dec. 11, 2008).

---

[7]Petitioner will have to demonstrate to the Fifth Circuit that his claim meets the requirements set forth in 28 U.S.C. § 2244(b)(2) as stated above.

Petitioner is **WARNED** that sanctions, including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits, or other impediments may be imposed against him if he files any further habeas petitions challenging his convictions with any federal court in the Fifth Circuit as he is now well aware that he must first obtain authorization to file a successive petition from the United States Court of Appeals for the Fifth Circuit. If this Memorandum and Recommendation is adopted, the undersigned further **RECOMMENDS** this sanction warning be included in the order adopting and/or the final judgment.

Respectfully submitted on February 9, 2022.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).